IN THE MATTER OF THE WILL OF ROBERT BARR,
DECEASED.

*Foreign will—Second application to admit to probate—Res-adjudicata.*

A proceeding in the Probate Court, on a second application to
  have a foreign will admitted to probate, is an adversary one,
  and the rule of *res-adjudicata* applies to it.
*Decided October 31, 1887.*

Robert Barr and others, in the January term, 1886,
of the Probate Court of this county, presented for
record, under section 5937 Revised Statutes, a paper
writing purporting to be an authenticated copy of the
last will and testament of Robert Barr, deceased,
maintaining that the same had been admitted to pro-
bate and record in Westmoreland County, Penn-
sylvania.

Anna M. Johnson, together with a large number
of other persons interested in real estate which it is
claimed would be affected by the admission of said
will to record in this county, applied to the court for
leave to be heard, and to resist the application.  This
was accordingly granted, and evidence was heard on
both sides and the arguments of counsel, and the case
was submitted to the court for decision.  On the 6th
day of April, 1886, the court found that the will of
Robert Barr had never been probated or proved,
according to the laws of Pennsylvania, and refused
the application, and ordered that said will be not

recorded in this county. To all of which Robert Barr and his co-applicants excepted and took an appeal, and also filed their petition in error in the Common Pleas Court. The appeal was dismissed, and upon the hearing of the petition in error the judgment of this court was affirmed. Applicants then prosecuted their petition in error from the Common Pleas to the Circuit Court, where, on full hearing, the judgment of the Common Pleas was affirmed

Robert Barr, together with his co-applicants, now come and make a second application to have this will admitted to record. To this application the same parties who resisted the first application asked again to be heard, and for leave to resist. This being granted, an answer was filed, pleading that the applicants are concluded by the former hearing.

*S. T. & W. L. Crawford* and *T. A. O'Conner*, for applicants.

*Lincoln, Stephens & Lincoln, Simrall & Mack, S. A. Miller, Cowan & Ferris*, and *J. D. Henry*, for contestants.

GOEBEL, J.

Does the plea of *res judicata* apply? It is well settled that the effect of *res judicata*, as a bar to the renewal of a former action, applies only to the parties to the judgment and their privies. It is essential, therefore, that there must have been parties to

the judgment. The probate of a will is a proceeding *in rem.* The proceeding is in form and substance, upon the will itself; no process is issued against any one. The judgment is, that the will is or is not the will of the testator. It determines the status of the subject matter of the proceedings, and makes the instrument, as to all the world, just what the judgment declares it to be.

Section 5937 Rev. Stat., which is the section under which this paper writing is presented, provides for no parties to the proceeding.

It was not error to permit these contestants to be made parties. *Barr* v. *Closterman,* 2 C. C. R. 387.

If then, the court having jurisdiction of the subject matter, and by its power having brought the parties into court, and having adjudicated the subject matter and the same stands unreversed, can the same be pleaded as *res judicata* upon another hearing, upon the same subject matter, and between the same parties? Or must it be denied, because such parties are not necessary parties?

In regard to the term "parties," as used in connection with the doctrine of estoppel, the law includes all who are distinctly interested in the subject matter of the suit, and have the right to make defense or control the proceedings; the right to adduce testimony, and the right to cross-examine witnesses adduced on the other side, and to appeal the proceed-

Will of Robert Barr, Deceased.

ings, if an appeal lies, or prosecute error. And such parties are concluded by the decision, judgment or decree.

This court had exclusive jurisdiction of the subject matter; it had, therefore, full power to hear and determine all questions which arose in the case, and all questions necessarily arising in the case become *res judicata* by the final order which binds all the world, until set aside or reversed by direct proceedings for that purpose. *Shroyer* v. *Richmond and Staley*, 16 O. S. 455.

But it is maintained that the court having refused to admit this will to record, these contestants were not affected by such refusal, and such refusal was not the vindication of a judgment.

It must be conceded that the application to admit this will to record called for the exercise of a judicial function. In the exercise of this judicial function the court found that the will was not proved and admitted to record in Pennsylvania, and refused to admit it to record here. How could it be said that this was not the exercise of a judicial function? The right to plead *res judicata* does not depend upon the effect of the rights of the parties which were or were not affected by the judgment. The order made was as effective and binding as an order would have been admitting this will to record until set aside or reversed. "The sentence of the Probate Court whether it be

one of acceptance or rejection, is indispensable, * * * and it is conclusive upon the matter which it professes to decide." *Swazey's Heirs* v. *Blackman*, 8 Ohio 18. The court's refusal therefore, did not make it less a judicial action, for it would seem strange that the result of a judicial action should be the test of the exercise of a judicial power.

Counsel for applicants, in support of their claim to again present this will for record, rely upon *Chapman's will*, 6 Ohio, 149; *Hunter's will*, Ib., 500, and *Swazey's Heirs* v. *Blackman*, 8 Ohio 18.

The court, in *Chapman's will*, say: "An application to prove a will, though rejected, may be made again, upon fuller proof. The rejection extinguishes no right and binds nobody, for there are no proper parties before the court to be concluded. But when a will is declared established and ordered to be recorded, it binds everybody until set aside." The question in the case was whether an appeal would lie to the Supreme Court from the decision of the Court of Common Pleas adjudging that the proof adduced to prove the execution of a will was insufficient for that purpose, and the court held that the appeal could not be sustained. "It does not come within the provisions of the statute."

The court, in *Hunter's will*, say: "The proceeding to make probate of a will is *ex parte*, not adversary. No process is required to notify any whose

interests are to be affected. No one is necessarily before the court other than the party applying to prove the will. No judgment is given. The order of probate is not conclusive upon the subject of it, for the statute law expressly provides a way in accordance with the common usages of chancery to contest and vacate the probate, if allowed. If rejected, another application may be made and probate established on new and better proof."

The question there was, When the Judges of the Court of Common Pleas are so interested that a quorum can not sit to take proof of a will, can the case be certified to the Supreme Court for taking such proof? And the court held that this case was not within their appellate jurisdiction, or that provided for by the act for certifying causes from the Court of Common Pleas, where so many of the judges of that court were interested in it as to leave them without a quorum, and the application was dismissed for want of jurisdiction.

In *Swazey's Heirs* v. *Blackman, supra*, the court say: "If it [the will] is rejected, it may still be repropounded for probate." The question involved was, whether a will can be received as evidence of any title set up under it until it is established by probate; and the court held that until the will is established by the Probate Court, it can not be admitted in evidence. In neither of these cases was the

court called upon to decide the question whether an authenticated copy of the will once offered for record and refused can again be offered; nor was it called upon to decide whether a domestic will once refused can again be offered for probate. But let us assume the court did so decide.

*Chapman's will*, and *Hunter's will*, were cases decided under the laws existing prior to the adoption of the constitution of 1851. Under the constitution of 1802, probate and testamentary matters were vested in the Court of Common Pleas, and the Supreme Court held that the Court of Common Pleas had been given exclusive jurisdiction in probate and testamentary matters, and the Supreme Court would not interfere to either confirm or reverse orders of the Common Pleas in probate and testamentary matters, and that the action of the Common Pleas Court on these matters was final and conclusive. *Gregory's Accounts*, 19 Ohio 357. Since the adoption of the constitution of 1851 and the creation of Probate Courts, the laws on these subjects have been materially changed. While the Probate Court has exclusive jurisdiction in testamentary matters, an appeal lies from the refusal to admit a domestic will to record, and error to all final orders.

Section 5917 of the Revised Statutes provides for notice to the widow and next of kin on application to admit a will to probate and record. Section 6406

provides that the Probate Court may give notice of any proceeding, if deemed necessary, to all persons interested therein, when there is no provision in the statute directing otherwise.   I think the effect of this legislation is to make this proceeding adverse in its character, so far as respects the persons who are made parties.

In this case Robert Barr *et al.*, applied to have this will recorded, and Anna M. Johnson *et al.*, by permission of the court (which permission it was not an error to grant), resisted the application, thus raising an issue between two hostile parties in a proceeding within the court's jurisdiction as distinctly as in any ordinary civil action between plaintiff and defendant.

The court proceeded to hear testimony and arguments of counsel and pronounced judgment.   Was there an element of adverse proceeding wanting ?   I think not.

In this view I am supported by the Supreme Court of Illinois in the case of *Storey* v. *Storey,* 120 Ill., 244 ; 11 N. E. Rep. 209.   There the court held a probate under the statute of Illinois to be a proceeding *in rem*, but when appealed to the Circuit Court by some one interested the proceeding assumes an adverse character, simply because there are two contending parties to a legal issue.

Therefore, when a question of fact has been once tried and adjudicated by a court of competent juris- .

diction upon evidence, it can not be re-opened in a subsequent suit between the same parties. They are concluded by the former judgment. *Grant* v. *Ramsey*, 7 Ohio St., 157.

This rule extends to all matters of action or defense which the party might have brought to the consideration of the court on the former trial. *The Covington and Cincinnati Bridge Co.* v. *Sargent*, 27 Ohio St. 233.

For the reasons given the application will be denied.

The judgment in this case was affirmed by the Hamilton Common Pleas and reversed by the Circuit Court of the First Circuit (*Barr* v. *Closterman*, 3 C. C. R., 441). The case is now pending in the Supreme Court.